## APPEAL OF THEODORE A. KOHN & SON.

Docket No. 5364.  Submitted January 21, 1926.  Decided March 31, 1926.

*Morris L. Ernst, Esq.*, for the taxpayer.
*George G. Witter, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the fiscal year ending February 28, 1920, in the amount of $7,937.57, arising from the disallowance by the Commissioner as a deduction for that year of $28,203.43, representing the total of undrawn portions of regular salaries of the president and the vice president and treasurer of the corporation for each of the years 1910 to 1918, inclusive.

### FINDINGS OF FACT.

Taxpayer was incorporated in New York in 1907, as the successor of a partnership of the same name, organized in 1889, and engaged in business as a retail dealer in jewelry.  At the date of organization the capital stock was of the par value of $100,000, all common.  In 1918 certain bonds of the corporation were converted into first and second preferred stock of $34,000 and $243,000, respectively.  The assets of the corporation have always been of the approximate value of $300,000.

The officers and principal stockholders were Albert M. Kohn, president, and Emil W. Kohn, vice president and treasurer, each of whom devoted his entire time to the conduct of the business, the former having charge of all purchases and the latter of all sales. They were assisted by a number of employees, some of whom were stockholders.  From the date of incorporation to 1919, inclusive, the regular annual salaries of Albert M. and Emil W. Kohn were $6,000 each.  The full amounts of these salaries, during the period from 1910 to 1919, inclusive, were not drawn each year, for the reason mentioned in the minutes of the stockholders and directors, hereinafter set forth.  In the year 1920 the salary of A. M. Kohn was fixed at $12,000 and that of Emil W. Kohn was fixed at $9,000. In addition, the corporation authorized the payment to them of unpaid salaries for prior years in the total amounts of $13,079.93 and $15,123.50, respectively.  The Commissioner allowed as a deduction for 1920 the salaries for that year, and disallowed as a deduction from gross income for 1920 the amounts totaling $28,203.43, representing undrawn salaries for prior years.  The gross sales for 1920 amounted to $367,966.69, resulting in a gross income of $176,560.53 and a net income of $36,801.78, as computed by the Commissioner.

At the annual meeting of the officers and stockholders on April 11, 1910, the annual report of the treasurer stated—

Your treasurer regrets to announce that the business of the year just failed of meeting all expenses, including salaries of your officers. The actual loss amounted to $2,360.97. So as to begin the year with a clean record your president and treasurer advanced this amount to the treasury as a loan, which, however, does not show to their credit on their respective accounts. A resolution will be in order to reimburse Albert M. Kohn with $1,180.48 and Emil W. Kohn with $1,180.49 from any subsequent profits of the corporation.

On the same date the following resolution was adopted:

On motion duly seconded, the treasurer's report was accepted and ordered entered on the minutes. On motion duly seconded, it was ordered that the president and treasurer should be reimbursed from the subsequent profits of the corporation as follows: Mr. Emil W. Kohn $1,180.49, Mr. Albert M. Kohn $1,180.48, being the amounts advanced by them to the treasury as a loan.

The annual meeting of the officers and stockholders was held on April 10, 1911, and the annual report of the treasurer of the financial condition of the business on March 1, 1911, contained the following:

Your treasurer regrets to announce that the fiscal year closing February 28, 1911, has not been a profitable one. The net loss amounts to $4,640.20. So as not to carry forward any item of loss, your president and vice-president have each assumed one-half ($\frac{1}{2}$) of the loss which has been charged to their respective accounts. They have each now assumed a loss of $3,500.59 to March 1, 1911 ($1,180.48 having been charged to their respective accounts on March 1, 1910).

A resolution will be in order to reimburse Albert M. Kohn with $3,500.59 and Emil W. Kohn with $3,500.59 from any subsequent profits of the corporation. This amount is the total indebtedness owing these officers by the corporation to March 1, 1911. This amount does not show as a credit on their respective accounts, nor is it treated as a liability of the corporation.

At the same meeting the following resolution was adopted:

On motion duly seconded it was ordered that the president and treasurer should be reimbursed from the subsequent profits of the corporation as follows: Mr. Albert M. Kohn $3,500.59; Mr. Emil W. Kohn, $3,500.59; this being the total amount owing to these officers to March 1, 1911.

At a meeting of the board of directors held on April 8, 1912, the following resolutions, among others, were adopted:

It was resolved that as the business of the corporation has not met the fixed charges for the year, that no dividends be declared or paid on the stock.

It was regularly moved and carried that as the president and treasurer had voluntarily paid the sum of $1,023.65 each, that they be repaid this amount from any subsequent profits of the corporation.

At the annual meeting of the stockholders held on April 14, 1913, the report of the treasurer as to the financial condition of the business on March 1, 1913, contained the following:

Your treasurer regrets to announce that the fiscal year closing February 28, 1913, has not been a profitable one. The net loss amounts to $2,646.05. So

as not to carry forward any item of loss your president and vice-president have each assumed one-half (½) of the loss which has been charged to their respective accounts, thus cancelling the deficit. They have each now assumed a loss of $5,847.26 to March 1, 1913 ($4,524.24 having been charged to their respective accounts up to March 1, 1912).

A resolution will be in order to reimburse Albert M. Kohn with $5,847.26 and Emil W. Kohn with $5,847.26 from any subsequent profits of the corporation. It is understood however that these amounts have been contributed freely to cancel the deficit. This amount does not show as a credit on their respective accounts, nor is it treated as a liability of the corporation. The above amount is the total sum to date contributed by the president and the treasurer, respectively.

At the same meeting the following resolution was adopted:

It was regularly moved and carried that the president and treasurer be reimbursed $5,847.26 each, that being the total amount which they have contributed to the funds of the corporation to date.

At the annual meeting of the stockholders held on April 27, 1914, the report of the treasurer showing the financial condition of the business on March 2, 1914, contained the following:

Your treasurer regrets to announce that the fiscal year closing February 28, 1914, has not been a profitable one. The net loss amounts to $13,867.90. Your president and vice-president have each assumed one-half (½) of the loss which has been charged to their respective accounts, thus cancelling the deficit. They have each now assumed a loss of $12,781.21 to March 2, 1914 ($5,847.26 having been charged to their respective accounts up to March 1, 1913).

A resolution will be in order to reimburse Albert M. Kohn with $12,781.21 and Emil W. Kohn with $12,781.21 from any subsequent profits of the corporation. It is understood however that these amounts have been contributed freely to cancel the deficit. This amount does not show as a credit on their respective accounts, nor is it a liability of the corporation.

On the same date the following resolution was adopted:

It was regularly moved and carried that the president and treasurer be, each of them, reimbursed $12,781.21 from any subsequent profits of the corporation; this being the total amount each has contributed to the corporation to date.

At the annual meeting of the stockholders held on April 12, 1915, the report of the treasurer relative to the financial condition of the business on March 1, 1915, contained the following:

Your treasurer regrets to announce that the fiscal year closing February 28, 1915, has not been a profitable one. The net loss amounts to $13,140.88. Your president and vice-president have each assumed one-half (½) of the loss which has been charged to their respective accounts, thus cancelling the deficit. They have each now assumed a loss of $19,351.65 to March 1, 1915 ($12,781.21 having been charged to their respective accounts up to March 2, 1914).

A resolution will be in order to reimburse Albert M. Kohn with $19,351.65 and Emil W. Kohn with $19,351.65 from any subsequent profits of the corporation. It is understood however that these amounts have been contributed freely to cancel the deficit. This amount does not show as a credit on their respective accounts, nor is it a liability of the corporation.

On the same date the following resolution was adopted:

It was regularly moved and carried that the president and treasurer be, each of them, reimbursed $19,351.65 from any subsequent profits of the corporation; this being the total amount each has contributed to the corporation to date.

At the annual meeting of the stockholders on April 10, 1916, the treasurer's report contained the following:

Your treasurer begs to report that although the profit and loss account shows no loss, it should be reported that your president and vice-president have accepted reduced salaries for the past year so that the corporation may end the year without loss. During the past fiscal year your president, Albert M. Kohn, has accepted $3,543.56 as his salary; your vice-president and treasurer, Emil W. Kohn, has accepted a salary of $1,500.

Although not treated as a liability of the corporation it will be in order to vote that out of any subsequent profits of the corporation Albert M. Kohn be reimbursed to the amount of $21,808.09 and Emil W. Kohn be reimbursed to the amount of $23,851.65. It is, of course, understood that these amounts are not a liability of the corporation and that these respective officers make no claim whatsoever for any part of these amounts on the corporation. They do not appear as a credit to their respective accounts, nor as a debt against the corporation.

At the same meeting the following resolution was adopted:

It was regularly moved and carried that the president, Albert M. Kohn, be reimbursed to the amount of $21,808.09 and that the treasurer, Emil W. Kohn, be reimbursed to the amount of $23,851.65. These amounts are to be paid from subsequent profits of the corporation. This being the total up to date and inclusive of any amounts voted at any previous meeting.

The annual report of the treasurer to the officers and stockholders at a meeting held April 9, 1917, contained the following:

This statement shows the net profits of the past fiscal year to be $23,456.31. In accordance with a resolution passed at the last annual meeting, the net profits have been apportioned in equal amounts to Messrs. Albert M. Kohn and Emil W. Kohn in view of their assumption of losses for several years and should be regarded as extra compensation in consideration of said officers having waived their right to immediate collection of salary and interest due them in the preceding years from 1910 to 1916.

Although not regarded as a debt of the corporation and with the distinct understanding that no claim is made or will be made upon the corporation for these amounts, it will be in order to pass a resolution that out of any subsequent profits Albert M. Kohn is to receive $10,079.93 and Emil W. Kohn is to receive $12,123.50; these amounts being the sums voluntarily assumed by the stated officers of the losses of the corporation.

At the same meeting the following resolution was adopted:

It was regularly moved and carried that the president, Mr. Albert M. Kohn, be reimbursed to the amount of $10,079.93 and that the treasurer, Mr. Emil W. Kohn, be reimbursed to the amount of $12,123.50; these amounts being the sums voluntarily assumed by the stated officers of the losses of the corporation. It was distinctly understood however that these amounts are not

·considered as debts of the corporation and that no claim is made or will be made upon the corporation for these amounts. The amounts stated are to be paid only out of any subsequent profits of the corporation.

At the meeting of the officers and stockholders on April 8, 1918, the treasurer's annual report contained the following:

This statement shows a net loss for the past fiscal year of $4,930.58, which amount was assumed in equal amounts by Mr. Albert M. Kohn and Mr. Emil W. Kohn. It should be noted that for the past fiscal year your president has accepted a reduced salary, namely, $3,000. It should be noted, also, that the vice-president and treasurer has also accepted a reduced salary, namely, $3,000.

Although not regarded as a debt of the corporation and with the distinct understanding that no claim is made or will be made on the corporation for these amounts it will be in order to pass a resolution that out of any subsequent profits Albert M. Kohn is to receive $15,545.22 and Emil W. Kohn is to receive $17,588.79; these amounts being the total sums voluntarily assumed by these respective officers of the losses of the corporation.

At the same meeting the following resolution was adopted:

It was regularly moved and carried that the president, Mr. Albert M. Kohn, be reimbursed to the amount of $15,545.22 and that the treasurer, Mr. Emil W. Kohn, be reimbursed to the amount of $17,588.79 out of any subsequent profits of the corporation. It is distinctly understood however that these amounts are not assumed as debts of the corporation and that no claim is made or will be made upon the corporation for these amounts.

At the annual meeting of the stockholders on April 14, 1919, the following resolution was adopted:

The directors having decided, and their action being approved, to reimburse Albert M. Kohn with $2,465.29 and Emil W. Kohn with $2,465.29, being part of the amount they voluntarily assumed from previous losses sustained by· the corporation, it was duly moved and adopted to reimburse Albert M. Kohn with $10,079.93 and Emil W. Kohn with $12,123.50 out of any subsequent profits of the corporation; being the amounts they severally assumed from previous losses of the corporation. It is distinctly understood however that these amounts are not assumed to be and are not to be regarded as debts ·of the corporation.

At a special meeting of the board of directors, held on January 20, 1920, the following proceedings were had:

Robert D. Kohn then read the following statement:

At the annual meeting of the stockholders of the corporation held April 8, 1918, the following resolution was adopted: " That the president, Albert M. Kohn, be reimbursed to the amount of $15,545.22 and that the treasurer, Emil W. Kohn, be reimbursed to the amount of $17,588.79 out of any subsequent profits of the corporation. It is distinctly understood, however, that these amounts are not assumed as debts of the corporation and that no claim is made or will be made upon the corporation for these amounts."

Subsequently at the annual meeting of the stockholders of the corporation held April 14, 1919, the action of the directors was approved reimbursing Albert M. Kohn with $2,465.29 and Emil W. Kohn with $2,465.29. These

are the only and total amounts paid to Albert M. Kohn and Emil W. Kohn respectively on account of unpaid salaries accumulated up to March 1, 1919.

At the same annual meeting held April 14, 1919, it was voted to reimburse Albert M. Kohn with $10,079.93 and Emil W. Kohn with $12,123.50 out of subsequent profits, etc., etc. These amounts are in error as $2,465.29 is the only and total amounts paid to Albert M. Kohn and Emil W. Kohn respectively towards the total amount recognized by resolution of April 8, 1918, the totals remaining unpaid on April 14, 1919, should therefore be $3,000.00 additional. To correct that error Robert D. Kohn offered the following motion: " That Albert M. Kohn be reimbursed with $13,079.93 and Emil W. Kohn with $15,123.50 out of any subsequent profits to March 1, 1919. These amounts being the total amounts they have respectively assumed at various times previous to March 1, 1919, the same being unpaid salaries. It is distinctly understood however, that these amounts are not assumed to be and are not regarded as debts of the corporation." The motion was duly seconded and adopted.

On motion duly made and seconded it was voted that Albert M. Kohn, president of the corporation, is to receive a salary of $12,000.00 per annum for the fiscal year ending March 1, 1920.

On motion duly made and seconded it was voted that Emil W. Kohn, vice-president and treasurer of the corporation, is to receive a salary of $9,000 per annum for the fiscal year ending March 1, 1920.

At the annual meeting of the board of directors, held on April 14, 1920, the following resolutions were adopted:

It was duly moved and carried that for the fiscal year ending March 1, 1921 the president receive a salary of $12,000 per annum and the vice-president receive a salary of $9,000 per annum. These amounts to be credited pro rata at the end of each month.

Motion duly made and carried that the previous unpaid salaries of the president amounting to $13,079.93 and the vice-president and treasurer amounting to $15,123.50 be now paid.

The taxpayer kept its books and rendered its returns on the accrual basis.

*The deficiency for the fiscal year ending February 28, 1920, is $7,937.57. Order of redetermination will be entered accordingly.*